# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DUANE ARLINE, Jr., CDCR # T-13192 <br><br> Plaintiff, <br><br> vs. <br><br> G.J. JANDA; R. DELGADO; C.J. CAFFARELLA; R. POWELL; P. KUZIL-RUAN; A. LEWIS, <br><br> Defendants. | Civil No.  11-CV-2450 JLS (NLS) <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, (ECF No. 2);** <br><br> **(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 3); and** <br><br> **(3) DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff Keith Duane Arline, Jr., a state inmate currently incarcerated at High Desert State Prison and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on October 21, 2011. (ECF No. 1.) Subsequently, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), and a Motion to Appoint Counsel (ECF No. 3.) For the following reasons, the Court **GRANTS** the motion to proceed IFP, **DENIES** the motion to appoint counsel, and **DISMISSES** the action without prejudice.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Local Rule 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action. (ECF No. 3.) The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court finds, as set forth more fully below, that at this stage of the proceeding Plaintiff has not stated any cognizable claims and is unlikely to find success on the merits. Thus, the Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## INITIAL SCREENING PER 28 U.S.C. § § 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**1. Fourteenth Amendment Claims**

Plaintiff alleges that his due process rights were violated during a disciplinary hearing which led to Plaintiff being sentenced to Administrative Segregation ("Ad-Seg"). (*See* Compl. at 4.) "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his placement in Ad-Seg which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486.

**2. Eighth Amendment Claims**

Plaintiff does not provide any specific factual allegations but he claims that prison officials "recklessly disregarded a known risk to Plaintiff's safety and security." (Compl. at 5.) Based on these vague allegations, the Court finds that Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) because it fails to adequately state an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials act reasonably in protecting inmates from violence suffered at the hands of other prisoners. *Farmer*, 511 U.S. at 833; *Berg v. Kincheloe*, 794

F.2d 457, 459 (9th Cir. 1986).  However, to state a failure to protect claim, Plaintiff must allege facts sufficient to show that Defendants were "deliberately indifferent," that they were aware of, but nevertheless consciously disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834.  If the official is not alleged to have actual knowledge of a serious risk of harm, but is alleged to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, the plaintiff must further allege that the official "also dr[ew] the inference." *Id.* at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).  The Court finds that Plaintiff has failed to adequately allege with any specificity how the *individual* Defendants would have known that there was a serious risk of harm.  Plaintiff simply fails to provide any specific factual allegations in his Complaint.

Accordingly, as currently plead, Plaintiff has failed to show that any Defendant acted with conscious disregard to a risk to his safety. *See Farmer*, 511 U.S. at 837; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (to establish a deprivation of a constitutional right by any particular individual, the plaintiff must allege that the individual, in acting or failing to act, was the actual and proximate cause of his injury).   Thus, Plaintiff's Eighth Amendment failure to protect claims are dismissed for failing to state a claim upon which relief can be granted.

## CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to appoint counsel is **DENIED** without prejudice.

2. Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

3. The Secretary of California Department of Corrections and Rehabilitation, or his designee, **SHALL COLLECT** from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). <u>All payments shall be clearly identified by the name and number assigned to this action.</u>

4. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

1  Sacramento, California 95814.

2  5. Plaintiff's complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, if he so wishes, Plaintiff may file an amended complaint curing all of the deficiencies noted above <u>within forty-five (45) days from the date this Order is electronically docketed</u>. Plaintiff's amended complaint must be complete in itself without reference to the superseded pleading. *See* Local Rule 5.1. Defendants not named and all claims not re-alleged in the amended complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

6. The Clerk of the Court is directed to mail a form civil rights complaint to Plaintiff.

**IT IS SO ORDERED**.

DATED: February 16, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge