# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DUANE ARLINE JR., | CASE NO. 11-CV-2450 JLS (NLS) |
| Plaintiff, | **ORDER: (1) ADOPTING REPORT AND RECOMMENDATION AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| G.J. JANDA, et. al., | |
| Defendant. | (ECF No. 20) |

Presently before the Court are Defendants G.J. Janda, C.J. Caffarella, P. Kuzil-Ruan, A. Lewis, R. Delgado, and R. Powell's ("Defendants") motion to dismiss Plaintiff Keith Duane Arline Jr.'s ("Plaintiff") First Amended Complaint ("FAC") (ECF No. 20), and Magistrate Judge Nita L. Stormes' Report and Recommendation ("R&R") advising this Court to grant Defendants' motion to dismiss (ECF No. 25). Also before the Court are Plaintiff's objections to the R&R (ECF No. 26), and Defendants' reply to Plaintiff's objections (ECF No. 27). For the following reasons, the Court **ADOPTS** the R&R in full and **GRANTS** Defendants' motion to dismiss without prejudice.

///

///

# BACKGROUND

Magistrate Judge Stormes' R&R contains a thorough and accurate recitation of the factual and procedural history underlying the instant motion. (ECF No. 25 at 2.) This order incorporates by reference the background as set forth in the R&R, and briefly summarizes the most relevant facts here.

Plaintiff, a prisoner proceeding pro se, commenced this action on October 18, 2011. (ECF No. 1.) Plaintiff's operative FAC asserts two claims pursuant to 42 U.S.C. § 1983 for constitutional violations that occurred during his incarceration at Calipatria State Prison. (ECF No. 5.) Plaintiff alleges that his procedural due process rights were violated at a disciplinary hearing conducted by Defendant Powell, after which he was housed in administrative segregation with multiple restrictions. (ECF No. 5 at 4-7.) Plaintiff further alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because of the lack of a surveillance camera in the main yard of the prison. (ECF No. 5 at 8-12.)

# LEGAL STANDARD

## I. Review of the Report and Recommendation

A district court analyzes de novo any contested issue in a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify" all or part of the R&R. 28 U.S.C. § 636(b)(1)(c). If no party files a timely objection, "the Court need only satisfy itself" that the Magistrate did not clearly err. *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974).

## II. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the

claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

Relevant here, the Court has a duty to liberally construe a pro se's pleadings.

*See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). "Pro se complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Barret v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (internal quotation marks and citation omitted). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

**III. Cognizable Claim for Federal Relief**

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

**ANALYSIS**

**I. Due Process Claim**

Plaintiff contends that his procedural due process rights were denied during a disciplinary hearing. (ECF No. 5 at 4.) As a result of the hearing, Plaintiff was placed in administrative segregation for 184 days. (*Id.*) Plaintiff alleges that during his placement in administrative segregation he was allowed only one hour of outdoor exercise per week in a "cage," had no human contact except with a "celly," was restrained during all out-of-cell movement, was not allowed to have personal property appliances, could only have visitation behind a glass window, was forced to

eat meals in his cell, had limited law library access, and that his cell door was covered by a clear plastic cover. (*Id.* at 4.) Plaintiff contends that these conditions were more restrictive than the conditions of general population imprisonment. (*Id.* at 4-5.)

### A.   *Summary of Report and Recommendation*

Magistrate Judge Stormes concludes that "Plaintiff has not adequately stated a liberty interest sufficient to invoke the Fourteenth Amendment." (ECF No. 25 at 5.) Specifically, the Magistrate Judge finds that Plaintiff's placement in administrative segregation does not rise to the level of an "atypical and significant hardship" because it did not affect the duration of his sentence or constitute a major disruption in his environment. (*Id.* at 5-6.) The Magistrate Judge's comparison of Plaintiff's alleged circumstances to those of plaintiffs in similar cases reveals "that no atypical and significant hardship was present in cases similar to the one at bar." (*Id.* at 6.) Accordingly, the R&R recommended that Defendants' motion to dismiss Plaintiff's due process claim be granted. (*Id.* at 6.)

In the alternative, the R&R recommends that the Court dismiss Plaintiff's due process claim against Defendant Delgado. (*Id.* at 7.) Plaintiff's only factual allegation against Defendant Delgado is that he approved the denial of Plaintiff's administrative grievance. (ECF No. 5 at 6.) Accordingly, because a prison official's denial of a prisoner's grievance is not, by itself, sufficient to state a claim for a constitutional violation, the Magistrate Judge recommends that the Court dismiss Plaintiff's claim against Defendant Delgado. (ECF No. 25 at 7.)

### B.   *Objections to Report and Recommendation*

Plaintiff avers that his complaint adequately states a liberty interest. (ECF No. 26 at 4.) Plaintiff contends that he, while confined in administrative segregation, was subjected to different conditions than prisoners in the general population. (*Id.*) Emphasizing the 184 day duration of his confinement in administrative segregation, Plaintiff contends that his confinement rises to the level

of an "atypical and significant hardship." (*Id.* at 4-5.)

Plaintiff further objects to the Magistrate Judge's alternative recommendation that his due process claim against Defendant Delgado be dismissed. (*Id.* at 6.) Plaintiff contends that he has established Defendant Delgado's "personal participation" in the alleged acts, and seems to suggest that Defendant Delgado was personally involved in violating Plaintiff's procedural due process rights because he denied Plaintiff's prison grievance without providing evidence.[1] (*Id.*)

## C. *Analysis*

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners a liberty interest sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." 515 U.S. 472, 483-84 (1995) (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). In *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

---

[1] Although Plaintiff states in his opposition that "Defendant R. Delgado had approved Plaintiff's prison grievance," the Court assumes that Plaintiff is instead complaining of the denial of his prison grievance. (ECF No. 26 at 6.)

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an "atypical and significant hardship" on him in relation to the ordinary incidents of prison life. *Id.* at 483-84. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

Here, Plaintiff's allegations detailing the conditions of his administrative segregation are insufficient to adequately plead an "atypical and significant hardship." Although Plaintiff provides factual allegations demonstrating that the conditions of his confinement in administrative segregation were different from the conditions in general population, (ECF No. 5 at 5-6.), the Court does not find these differences to be sufficient to establish a "dramatic departure from the basic conditions" of Plaintiff's confinement. Plaintiff avers only that his administrative segregation resulted in slightly reduced exercise, communication, property, and travel privileges compared to privileges given to general population prisoners. Importantly, Plaintiff does not plead any facts demonstrating how his confinement in administrative segregation was different from typical administrative segregation, which generally does not interfere with a prisoner's protected liberty interest. *See May*, 109 F.3d at 565; *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) ("Typically, administrative segregation in and of itself does not implicate a protected liberty interest.") The Ninth Circuit has found that administrative segregation ordinarily falls within the terms of confinement contemplated by a prison sentence. *May v. Baldwin*, 109 F.3d 557, 565 (9th. Cir. 1997).

Moreover, as discussed in the Magistrate Judge's R&R, conditions similar to Plaintiff's have been found to not be "atypical and significant." *See Deadmon v. Grannis*, No. 06cv1382-LAB (WMC), 2008 WL 595883, at *6-8 (S.D. Cal. Feb. 29, 2008) (dismissing plaintiff's complaint that alleged fifteen months of administrative

segregation that included deprivation of personal property, behind window family visits, deprivation of privileges awarded to general population prisoners, no phone calls, one shower every three days, one package a year, and only ten hours per week of yard time); *Bryant v. Cortez*, 536 F. Supp. 2d 1160, 1166 (C.D. Cal. 2008) (holding that eighteen month confinement in administrative segregation that included reduction in exercise, shower, hygiene, and visitation privileges, as well as prevented prisoner from participating in vocational, educational, and recreational programs was not an atypical and significant hardship); *see also Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) (holding that being denied visitation privileges is not a dramatic departure from accepted standards of prison confinement); *Keel v. Dovey*, 459 F. Supp. 2d 946, 955 (C.D. Cal. 2006); *Lopez v. Celaya*, No. C 06-5071 THE (PR), 2008 WL 205256, at *4 (N.D. Cal. Jan 23, 2008). Plaintiff's complaint falls short of alleging conditions that have been found to be an atypical and significant hardship. *See Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (holding that prisoner was subject to an atypical and significant hardship by being given indefinite detention in a supermax prison where no conversation was permitted and lights were on for 24 hours a day); *Serrano*, 345 F.3d at 1078-79 (holding that disabled prisoner placed in administrative segregation established an atypical and significant hardship because prisoner was denied use of his wheel chair for more than two months that created severe difficulty for prisoner to practice hygiene and forced prisoner to drag himself across a vermin-infested floor).

Plaintiff's FAC does not allege that his placement in administrative segregation affected the duration of his sentence. However, as noted by the R&R, Plaintiff's response to the instant motion states that he lost ninety (90) days of good time credits as a result of the disciplinary hearing. (ECF No. 21 at 5.) Allegations contained in a prisoner's opposition motion are "irrelevant for Rule 12(b)(6) purposes." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998). Thus, the Court cannot consider Plaintiff's allegation about revocation

- 8 -

11cv2450

of time credits for purposes of the instant motion. In effect, Plaintiff has not presented any facts demonstrating the possibility his sentence was lengthened by his placement in administrative segregation. *See Sandin*, 515 U.S. at 486.

Accordingly, because Plaintiff does not allege sufficient facts to demonstrate that his placement in administrative segregation constituted an atypical and significant hardship, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's due process claim, but affords Plaintiff leave to amend.[2]

## II. Eighth Amendment Claim

Plaintiff contends that Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment under a failure to protect theory. (ECF No. 5 at 8.) Plaintiff claims that the lack of a surveillance camera in the general population main yard presented a risk of serious harm to Plaintiff and that Defendants consciously disregarded that risk. (*Id.*) Plaintiff further contends that the presence of a surveillance camera would have exonerated him from wrongdoing in the incident for which Plaintiff was placed in administrative segregation. (*Id.*) Plaintiff also contends that Defendants' denial of his filed grievance concerning the lack of a surveillance camera similarly violated his Eight Amendment rights. (*Id.* at 8-12.)

### *A.    Summary of Report and Recommendation*

Magistrate Judge Stormes concludes that "Plaintiff's concerns about the lack of a surveillance camera are too speculative to state a claim." (ECF No. 25 at 8.) Specifically, the Magistrate Judge finds that Plaintiff does not allege any specific harm or threat to his safety, and further fails to allege that a security camera would reduce any such threat. (*Id.*) To the extent that Plaintiff alleges that a camera may have exonerated him from alleged wrongdoing, the Magistrate Judge concludes that

---

[2]Because the Court dismisses Plaintiff's due process claim against all Defendants, it is unnecessary for the Court to reach the R&R's alternative recommendation that the Court dismiss Plaintiff's due process claim against Defendant Delgado. (*See* ECF No. 25 at 7.)

the mere possibility of exoneration from a disciplinary charge does not rise to the level of a substantial risk of serious harm necessary to state an Eighth Amendment claim. (*Id.*) Accordingly, because Plaintiff failed to allege facts demonstrating Defendants acted with deliberate indifference, the Magistrate Judge recommends that this Court grant Defendants' motion to dismiss without prejudice.

### B. *Objections to Report and Recommendation*

Plaintiff objects to the R&R's conclusion that Plaintiff's claim is too speculative. (*Id.* at 7.) Plaintiff contends that he has alleged sufficient facts to demonstrate a threat of harm from the absence of a security camera and that Defendants were aware of the risk. (*Id.*) Plaintiff further contends that Defendants have admitted to the possibility that "there may always be a suspicion and a danger than an attack can occur." (*Id.*) Plaintiff alleges that the filing of his administrative grievance put Defendants on notice of the inadequate safety measures. (*Id.* at 8.)

### C. *Analysis*

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials act reasonably in protecting inmates from violence suffered at the hands of other prisoner. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). To state an Eighth Amendment failure to protect claim, the Plaintiff must demonstrate: 1) "that he is incarcerated under conditions posing a substantial risk of harm," and 2) that the complained of prison official had a "sufficiently culpable state of mind." *Id.* at 834; *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). To satisfy the state of mind requirement in stating a failure to protect claim, a plaintiff must allege facts sufficient to show that defendants were "deliberately indifferent"—that they were aware of, but nevertheless consciously disregarded an excessive risk to the plaintiff's health or safety. *Id.* If defendants are not alleged to have actual knowledge of a serious risk of harm, but are alleged to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, the plaintiff must

further allege that the officials "also dr[ew] the inference." *Id.* at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

Here, Plaintiff has failed to sufficiently allege any conditions posing a substantial risk of harm. Petitioner attempts to proceed on the general theory that there is a potential for violence in the yard where Plaintiff claims a camera should be installed. (ECF No. 5 at 8.) Plaintiff does not allege any specific harm or threat to his safety, or that the presence of a surveillance camera would have averted any such threat. Thus, Plaintiff fails to allege any specific threat to his safety, let alone a substantial one.

As to Plaintiff's claims against Defendants Lewis, Kuzil-Ruan, Janda, and Caffarella, Plaintiff has failed to allege any facts indicating that Defendants disregarded an "excessive risk" to Plaintiff's safety. As noted by the Magistrate Judge, "[n]othing in the FAC indicates that these Defendants disregarded an 'excessive risk' to Plaintiff's safety, because there is no specific threat to Plaintiff alleged in the complaint." (ECF No. 25 at 8.) Further, Plaintiff's allegations that Defendants denied his grievance about the lack of a video camera is, by itself, insufficient to state a claim for a constitutional violation. *Riley v. Dunn*, No. CV 09-8850-JFW (MLG), WL 2011 4940855, at *7 (C.D. Cal. Oct. 14, 2011) ("Plaintiff has no constitutional right to an effective grievance or appeal procedure.").

Accordingly, because Plaintiff has failed to allege facts demonstrating that he was incarcerated under conditions posing a substantial risk to his health or safety, or that Defendants acted in conscious disregard of a substantial risk to Plaintiff's safety, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Eighth Amendment claim.

*///*
*///*
*///*
*///*

**CONCLUSION**

For the aforementioned reasons, the Court **ADOPTS** the R&R in full and **GRANTS** Defendants' motion to dismiss. To avoid any injustice, the Court will afford Plaintiff a final opportunity to amend his complaint to state a cognizable claim. If he wishes to do so, Plaintiff **SHALL FILE** a complaint addressing the deficiencies noted by the Court <u>within 45 days of the date that this Order is electronically docketed</u>.

This order represents the Court's second dismissal of Plaintiff's complaint without prejudice for failing to state a claim upon which relief may be granted. Therefore, the Court cautions Plaintiff that further failure to cure the deficiencies identified may result in dismissal with prejudice. Plaintiff's amended complaint must be complete in itself without reference to any superseding pleadings. *See* Local Rule 5.1 Defendants not named and all claims not re-alleged in the amended complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

DATED: August 12, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge